AMY, PLAINTIFF AND APPELLANT, *v.* GUERRA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2017.—Decided May 25, 1920.

DEFAULT—OPENING DEFAULT—DISCRETION OF COURT.—It cannot be said that the district court abused the discretion conferred upon it by section 140 of the Code of Civil Procedure in ordering the opening of the defendant's default in an action to recover from one person when there were two obligors.

The facts are stated in the opinion.

*Messrs. B. and G. Guerra* for the appellee.

*Mr. M. A. Rivera* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant brought an action of debt in the District Court of Ponce against Arturo Guerra and the defendant obtained a change of venue to the District Court of San Juan. In that court the plaintiff secured a default judgment, but thereafter, at the instance of the defendant, the court opened the default and set aside the judgment entered against him by the clerk. From this order the plaintiff took the present appeal.

Although the appellant has raised several questions, we shall confine ourselves to the one which, in our opinion, is sufficient to justify the order appealed from.

Alfredo Amy sold a condominium of seven-eighths of a

property to Saturnino Sastre and Ramón Pérez Crespo and the greater part of the purchase price was left unpaid and secured by a mortgage. Ramón Pérez Crespo sold his interest in the condominion to H. Taylor. Taylor then sold it to Saturnino Sastre and Sastre thereafter sold it to Arturo and Gabriel Guerra. The plaintiff received from Arturo Guerra a part of the debt of Ramón Pérez Crespo and there having arisen a disagreement between Amy and Guerra regarding the record of the latter's title, Amy brought suit against Arturo Guerra to recover the part of the mortgage originally assumed by Ramón Pérez Crespo.

One of the grounds of Arturo Guerra's motion for opening the default and setting aside the judgment is that he alone was adjudged to pay the sum claimed, when, according to the public deed accompanying his motion, he and his brother, Gabriel Guerra, bought the property together for the sum of $1,271.42, of which the vendees retained the sum of $904.42 for the payment of the mortgage on the condominium conveyed.

According to section 1104 of the Civil Code, the concurrence of two or more debtors in a single obligation does not imply that each one of them is bound to comply in full with its conditions, except when the obligation expressly so stipulates, having the character of a joint obligation. And, according to section 1105 of the code, if the obligation referred to in the preceding section does not stipulate to the contrary, the debt shall be presumed to be divided into as many equal parts as there are debtors, being considered as distinct debts. In view of these statutes we are of the opinion that the lower court did not abuse the discretional power conferred upon it by section 140 of the Code of Civil Procedure in opening the default of Arturo Guerra and setting aside the judgment entered against him for the total sum claimed, inasmuch as

it does not appear from his purchase contract that he expressly accepted the obligation to pay the debt of Ramón Pérez Crespo to the plaintiff *in solidum,* but accepted it jointly with his brother Gabriel.

The order appealed from must be

*Affirmed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.